UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ABDUL WAHAB,                    )
                                )
            Petitioner,         )
                                )
                                )   Civ. No. 05-0886 (EGS)
      v.                        )
                                )
GEORGE W. BUSH, *et al.*,       )
                                )
            Respondents.        )
_____)

### ORDER

Pursuant to the status hearing held July 29, 2008 and upon consideration of the status reports submitted in accordance with the Court's Orders of July 7, 2008 and July 24, 2008, and the entire record herein, it is hereby:

**ORDERED** that the Government shall file notice with the Court thirty (30) days prior to any transfer of a petitioner from Guantanamo Bay, Cuba.[1]  It is further

**ORDERED** that any stay previously entered in this case is hereby vacated.  It is further

**ORDERED** that, pending further order of the Court, the following apply in this case: (1) the Amended Protective Order

---

[1] The Court recognizes that issues pertaining to notice of removal and a court's power to enjoin the government from removing a detainee are currently pending before the United States Court of Appeals for the District of Columbia Circuit. Nothing in this Order shall be construed as a determination that this Court has the power to enjoin the Government from transferring Petitioners from detention at Guantanamo Bay, Cuba.

and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); (2) the Order Addressing Designation Procedures for Protected Information, first issued on November 10, 2004; and (3) the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004 Amended Protective Order, first issued on December 13, 2004.  It is further

**ORDERED** that the parties shall address the procedural framework for the habeas corpus hearing in this matter, including the following issues:

1. How should the habeas proceedings be structured?

2. What is the legal authority for detention in these cases and what is the burden of proof for establishing that the detention is lawful? *See, e.g.*, *Boumediene v. Bush*, 128 S. Ct. 2229, 2266 (June 12, 2008) ("We consider it uncontroversial, however, that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law.")(citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 302 (2001)).

3. What is the standard for obtaining an evidentiary hearing, if any?

4. Which party bears the burden of production and persuasion at different stages of the proceedings?

5. What is the standard governing hearsay evidence?

6. What is the scope of discovery and what is the Government's burden to produce exculpatory evidence? *See, e.g., Boumediene*, 128 S. Ct. at 2270 ("For the writ of habeas corpus, or its substitute, to function as an effective and proper remedy in this context, the

      court that conducts the habeas proceeding must have the means to correct errors that occurred during the CSRT proceedings.  This includes some authority to assess the sufficiency of the Government's evidence against the detainee.  It also must have the authority to admit and consider exculpatory evidence that was not introduced during the earlier proceeding.  Federal habeas petitioners long have had the means to supplement the record on review, even in the postconviction habeas setting. ... *Here that opportunity is constitutionally required.*") (emphasis added) (internal citations omitted); *Bismullah v. Gates*, 501 F.3d 178 (2007)("We hold that, contrary to the position of the Government, the record on review consists of all the information a Tribunal is authorized to obtain and consider, pursuant to the procedures specified by the Secretary of Defense and ... defined by the Secretary of the Navy as 'such reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant,' which includes any information presented to the Tribunal by the detainee or his Personal Representative.").

    7. What is the application of the confrontation and compulsion rights, if any?

    8. What role does the Combatant Status Review Tribunal proceedings play in the habeas proceeding?  *See, e.g., Boumediene*, 128 S. Ct. at 2270 ("Even if we were to assume that the CSRTs satisfy due process standards, it would not end our inquiry.  Habeas corpus is a collateral process that exists, in Justice Holmes' words to 'cu[t] through all forms and g[o] to the very tissue of the structure.  It comes in from the outside, not in subordination to the proceedings, and although every form may have been preserved opens the inquiry whether they have been more than an empty shell.'").

The Government's brief shall be filed by no later than August 12, 2008.  Petitioner's response shall be filed by no later than August 22, 2008.  The Government's reply shall be filed by no later than September 4, 2008.  It is further

**ORDERED** that status reports shall be filed every thirty days, with the first report due September 2, 2008.  The first status report shall include a report on the Government's efforts to streamline and improve the attorney visitation procedures.  It is further

**ORDERED** that the Government shall file the Combatant Status Review Tribunal ("CSRT") report for Petitioner by August 12, 2008.  It is further

**ORDERED** that the Government shall file a factual return by August 29, 2008.  It is further

**ORDERED** that the Petitioner shall file a factual traverse or a motion for judgment by no later than October 6, 2008.  It is further

**ORDERED** that any additional motions be filed by August 12, 2008; responses due August 22, 2008; replies due September 4, 2008. It is further

**ORDERED** the next status conference is scheduled for September 22, 2008 at 12:30 pm in Courtroom 24A.  It is further

**ORDERED** that, pursuant to *Boumediene v. Bush*, 128 S. Ct. 2229 (June 19, 2008), this Court will do everything in its power to ensure that Petitioner is afforded a hearing to consider his habeas petition as soon as reasonably practicable.  *Id.* at 2275 ("The detainees in these cases are entitled to a prompt habeas corpus hearing.").  While there obviously remain issues to be

briefed and other preliminary issues to work out, to the extent the Government intends to raise logistical issues that would impede or delay such a prompt hearing, including but not limited to security, travel, or resource issues, counsel is hereby put on notice that they need to resolve those issues now.  The Court will not tolerate eleventh-hour delays to address issues that are foreseeable.  In other words, do not wait until the Court sets a hearing date to raise such issues and expect the Court and the Petitioners to wait while the Government resolves those issues.  *Id.* ("While some delay in fashioning new procedures is unavoidable, the costs of delay can no longer be borne by those who are held in custody.").

    **SO ORDERED.**

**SIGNED:    Emmet G. Sullivan**
            **United States District Judge**
            **July 31, 2008**